UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Randall | Civil Action No. 6:18-01196 |
| Versus | Judge Michael J Juneau |
| Bob et al | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Rule 12(b)(2) Motion To Dismiss for lack of personal jurisdiction filed by defendant, Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers") [Rec. Doc. 36,] Plaintiff, Allan Wayne Randall's, Opposition thereto [Rec. Doc. 39] and Tennessee Farmers' Reply thereto [Rec. Doc. 45]. For the reasons that follow, the Court will recommend that the Motion be granted.

### I.  Background

On September 15, 2017, Plaintiff, a resident of Tennessee, was operating a tractor trailer for his employer, Old Dominion Freight Line, on Interstate 10 in Acadia Parish, Louisiana, when the trailer was struck from the rear by a vehicle driven by Defendant, Virginia Bob ("Bob"). *R. 1, ¶¶ 1, 2, 7, 10*. Thereafter, Bob's vehicle caught fire. Plaintiff alleges that he rescued Bob from her burning vehicle and, as a consequence thereof, he sustained injuries from the inhalation of smoke

and heat. *Id, ¶¶ 11-20*. Plaintiff further alleges Bob's vehicle was insured by a policy of insurance issued by Defendant, Allstate Insurance Company.

Plaintiff sued Tennessee Farmers seeking to recover underinsured motorist (UM) benefits from a policy of insurance issued in Tennessee by Tennessee Farmers to Randall. The Affidavit of Scott Walls, the Vice President of Auto Underwriting for Tennessee Farmers and employed by Tennessee Farmers since 1994 attests that:

> 1. Tennessee Farmers is incorporated under the laws of Tennessee and maintains its principal place of business in Tennessee.
>
> 2. Tennessee Farmers writes automobile policies for Tennessee residents for vehicles owned by Tennessee residents which are principally garaged in the State of Tennessee.
>
> 3. Tennessee Farmers issues automobile policies only in the State of Tennessee. Tennessee Farmers does not issue automobile policies in other states.
>
> 4. Tennessee Farmers does not contract or employ agents in states other than Tennessee and conducts no business operations of any sort within the State of Louisiana.
>
> 5. Tennessee Farmers is not licensed to do business in Louisiana and does not do business in Louisiana.

In his Opposition, Plaintiff asserts that "Tennessee Farmers Mutual Insurance Company is a subsidiary of Tennessee Farmers Insurance Companies which operates by association with Tennessee Farm Bureau Federation." *R. 39-3*. He contends that "the companies operate under the umbrella of Farm Bureau Insurance, which is registered in Louisiana and which receives its right to sell and

2

use the logo and designation Farm Bureau pursuant to a license agreement from the American Farm Bureau Federation. *R. 39-4*. He further contends that Farm Bureau Insurance is registered to do business in Louisiana and gains the benefits from doing business in Louisiana.

## II. Contentions of the Parties

Tennessee Farmers asserts in its motion that it is a non-resident defendant. It further asserts that a Louisiana court may exercise personal jurisdiction over a non-resident defendant only when "a Louisiana statute" confers personal jurisdiction over that defendant, *and* when the exercise of jurisdiction over that defendant comports with the due process clause of the Fourteenth Amendment to the U.S. Constitution. Because no Louisiana statute authorizes this Court's jurisdiction over Tennessee Farmers and both specific and general personal jurisdiction are lacking, its Rule 12(b)(2) motion must be granted.

Plaintiff argues that the Direct Acton Statute "creates a substantive right and cause of action for an uninsured against an Uninsured Motorist Carrier for an accident occurring in the State." He further argues that Tennessee Farmers contacts arising from injury to its insured in Louisiana provide sufficient minimum contacts with Louisiana to support denial of the motion. He contends that it is not "unfair" for the Court to require Tennessee Farmers to defend a UM claim that "could be

3

filed in Tennessee and retried, presumably after issues of liability and damages are litigated in Louisiana."

### III. Law And Analysis

#### 1. *Personal Jurisdiction*

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). A district court may exercise personal jurisdiction over a defendant if "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because Louisiana's long-arm statute, La. R.S. 13:3201, extends jurisdiction to the limits of due process, the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements. *Dickson Mar. Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)*; see also First Guar. Bank of Hammond v. Attorneys Liability Assur. Soc., Ltd.*, 515 So.2d 1080, 1083 (La.,1987) ("If personal jurisdiction over a particular nonresident defendant meets the constitutional requirements of due process, then the assertion of that jurisdiction by a Louisiana court is authorized under the long-arm statute.").

Plaintiff argues that La. R.S. 22:1269, the Direct Action Statute, applies with regard to jurisdiction over Defendant. The jurisprudence, however, is clear that,

> The Direct Action Statute is not a legislative grant of jurisdiction. It merely gives claimant a direct right of action and a method for enforcing their right against liability insurers when they have a cause of action against the insured, or where the insured would be liable but for an immunity personal to him. There must be an independent legislative grant of jurisdiction which satisfies due process requirements of 'minimum contacts', together with service of process, before a claimant may utilize this right of direct action against the liability insurer."

J*ones v. MFA Mut. Ins. Co*., 398 So.2d 10, 12 (La. App. 3d Cir. 1981). As cited in the foregoing, the Louisiana Supreme Court holds that if personal jurisdiction over Tennessee Farmers meets the constitutional requirements of due process, then the assertion of jurisdiction is authorized under the Louisiana long-arm statute. *Supra*, *citing First Guar. Bank of Hammond*, 515 So.2d at 1083. Thus, the Court must determine whether or not personal jurisdiction over Tennessee Farmers meets the constitutional requirements of due process.

Personal jurisdiction may be either general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). "The plaintiff bears the burden of establishing jurisdiction but is required to present only *prima facie* evidence." *Id.* at 270. General jurisdiction over a foreign defendant exists if the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Fifth Circuit has articulated a three-step inquiry to determine whether specific jurisdiction exists. *Seiferth*, 472 F.3d at 271. First, the plaintiff must show that "the defendant has minimum contacts with the forum state, i.e., ... it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *Id.* Second, the plaintiff must show that his "cause of action arises out of or results from the defendant's forum-related contacts." *Id*. If the plaintiff makes these showings, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Id.*

When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Johnston v. Multidata Sys. Int'l Corp*., 523 F.3d 602, 609 (5th Cir. 2008). But the district court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co*., 253 F.3d 865, 869 (5th Cir. 2001).

Tennessee Farmers contends that the only contact between it and Louisiana is the location of Randall's automobile accident. The Court agrees that general jurisdiction cannot apply in this case as Tennessee Farmers' affiliations with Louisiana are not " 'so continuous and systematic' as to render them essentially at

6

home in the forum state." *See Goodyear Dunlop Tires Operations v. Brown*, 564 U.S.915, 919 (2011). Hence, the Court must consider whether or not specific jurisdiction exists.

In *Walden v. Fiore*, 571 U.S. 277 (2014), a unanimous Supreme Court rearticulated the framework for analyzing specific personal jurisdiction. Specific jurisdiction questions "focus[ ] on the relationship among the defendant, the forum, and the litigation." *Id.* at 284. "For a State to exercise jurisdiction consistent with due process, the defendant's suit related conduct must create a *substantial connection* with the forum State." *Id*. (emphasis added).

A court considers two issues in deciding whether a defendant's suit related conduct creates a sufficient relationship with the forum state. *See id*.. "First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Id*. The due process limits on a state's "adjudicative authority principally protect the liberty of the nonresident defendant not the convenience of plaintiffs or third parties." *Id*. The Supreme Court has "consistently rejected attempts to satisfy the defendant focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. The "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de*

7

*Colombia, S.A.*, 466 U.S. at 417. "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated." *Walden*, 571 U.S.. at 285.

"Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. The Supreme Court has, for example, "upheld the assertion of jurisdiction over defendants who have purposefully reach[ed] out beyond their State and into another by ... entering a contractual relationship that envisioned continuing and wide reaching contacts in the forum State." *Id*. "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. Though "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties.... a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. at 286. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id*.

Plaintiff has failed to make a *prima facie* showing of specific personal jurisdiction over Tennessee Farmers because it has failed to show that Tennessee

8

Farmers purposely availed itself of the Louisiana forum when it entered into the insurance contract with him. "[I]n a breach of contract case, to determine whether a party purposefully availed himself of a forum, a court must evaluate 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing ....' " *Maxxim Med., Inc. v. Michelson*, 182 F.3d 915 (5th Cir.1999) (unpublished) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479 (1985)). This accords with the Supreme Court's emphasis on "the need for a 'highly realistic approach' that recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.'" *Burger King Corp.* at 479.

Plaintiff's direct action claim arose from Tennessee Farmers' issuance to Plaintiff an uninsured motorist insurance contract governed by Tennessee law. Tennessee Farmers is a Tennessee insurance company. Plaintiff contends that Tennessee's parent company, Tennessee Farmers Insurance Company is associated with Tennessee Farm Bureau Federation which operates under the umbrella of Farm Bureau Insurance. Plaintiff argues because Farm Bureau Insurance is registered to do business in Louisiana, then Tennessee Farmers has contacts in Louisiana. Plaintiff has presented no evidence that Tennessee Farmers has taken on any actions in Louisiana to create specific personal jurisdiction over Tennessee Farmers in

Louisiana. Tennessee Farmers writes automobile policies for Tennessee residents only and then, only for vehicles owned by Tennessee residents and garaged in Tennessee; the insurance contract did not have foreseeable Louisiana consequences; the contract is governed by Tennessee law; and the parties to the contract are Tennessee entities. Tennessee Farmers directs its activities only toward Tennessee and not Louisiana, it does not contract with Louisiana residents, conducts no business operations within the state of Louisiana, and did not avail itself of Louisiana law in the formation of the insurance contract. The fact that Tennessee Farmers provided Plaintiff, a Tennessee resident, with uninsured motorists insurance, does not support specific personal jurisdiction over Tennessee Farmers in Louisiana. *See La See v. Freeze*, 615 So.2d 893, 894 (La.App. 5 Cir.,1993).

Nor does Tennessee Farmers' attenuated association with Tennessee Farm Bureau Federation support personal jurisdiction. Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts. *Dickson Marine Inc. v. Panalpina, Inc*., 179 F.3d 331, 338 (5th Cir.1999). This presumption may only be overcome by "clear evidence." *Id.* Such clear evidence requires additional or a "plus" factor, "something beyond the subsidiary's mere presence within the bosom of the corporate family." *Id*. There must be evidence of one corporation asserting sufficient control to make the other

its agent or alter ego. *Id.* Relying solely on un-authenticated/un-certified internet articles, Plaintiff has failed to provide competent evidence much less "clear evidence" required to show that Tennessee Farmers is an agent or alter ego of Louisiana Farm Bureau.

Tennessee Farmers, citing *Bahn v. Chicago Motor Club Ins. Co.*, 634 A.2d 63, 71 (Md.App.,1993), references several cases with facts similar to this case.[1] In *Jones v. MFA Mutual Insurance Company,* 398 So.2d 10 (La.App. 3rd Cir. 1981), writs refused 399 So.2d 586 (La.1981), the Louisiana Third Circuit Court of Appeals joined these cases in unanimously concluding that such facts do not provide sufficient contacts to establish personal jurisdiction over the foreign insurer. There, Jones, a resident of Alabama, was fatally injured in a one-vehicle accident in Louisiana. Jones was a guest passenger in the vehicle when the driver lost control of the vehicle. Jones' mother, an Alabama resident, filed suit against his uninsured motorist carrier, Standard Fire Insurance Company of Alabama. The appellate court found no minimum contacts between Standard Fire and the state of Louisiana to satisfy due process requirements. *Id.* at 12. The court stated that Standard Fire has had no contact whatever with the state of Louisiana. *Id.* Citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), the court explained that Standard Fire's only contact was that it insured persons whom it was foreseeable

---

[1] Unlike the instant cases, these cases offer various "post-accident contacts" by the non-resident insurer.

Case 6:18-cv-01196-MJJ-CBW Document 46 Filed 08/16/19 Page 12 of 13 PageID #: 317

would travel to Louisiana and be involved in litigation in Louisiana. *Id.* at 13. Foreseeability alone did not provide sufficient minimum contacts to support jurisdiction under the Due Process Clause. *Id. See also Hall v. Scott*, 416 So.2d 223, 230 (La.App. 1 Cir.,1982).

In light of the foregoing law and analysis as well as the facts of this case, the Court concludes that the action against Tennessee Farmers should be dismissed for want of personal jurisdiction.

## IV. CONCLUSION

The undersigned recommends that the Motion To Dismiss Plaintiff's Complaint [Rec. Doc. 36] be GRANTED based on Tennessee Farmers' lack of personal jurisdiction in this matter.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

12

by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 16th day of August, 2019 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE